IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                                      No. 2:16-cr-00580-RB

JOSE REMBERTO GUZMAN-
DOMINGUEZ and MIGUEL ANGEL
RODRIGUEZ-FLORES,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on United States' Request for Clarification Regarding Court's Order of July 1, 2016 as It Relates to Evidence of Girlfriends (Doc. 91). Having reviewed the parties' submissions, the Court **ORDERS** that this evidence is inadmissible as it is irrelevant and risks undue prejudice.

    **I.**      **BACKGROUND**

Defendants Jose Remberto Guzman-Dominguez and Miguel Angel Roderiguez-Flores are charged with conspiracy to distribute cocaine and heroin, possession with intent to distribute cocaine, and possession with intent to distribute heroin. (Doc. 23.) Law enforcement discovered the cocaine and heroin amidst legitimate cargo in Mr. Guzman-Dominguez's tractor-trailer. (Doc. 85 at 3.) Two days earlier, Mirachem contracted with Mr. Guzman-Dominguez's broker to have the legitimate cargo delivered to Pennsylvania. (*See* Doc. 44-1 at 7–8.)

Last month, Mr. Guzman-Dominguez filed a motion to exclude "evidence or testimony regarding either defendant's relationships or interactions with either Dolores Dominguez-Toledo or Yesenia Macias-Bibriesca[,]" arguing that jurors could seek to punish Defendants for their

"romantic relations rather than any charged offense."  (Doc. 71 at 5.)   The response and subsequent hearing expanded the scope to evidence regarding "girlfriends" in general and the Defendants' alleged "infidelities."  (*See* Doc. 74 at 5–6.)   During the hearing, the Court indicated "the fact that [the Defendants were] womanizing the whole time" during their trips to El Salvador and Mexico likely crosses the line between relevant evidence and unfair risk of prejudice.  (Hr'g Tr. 50:10–12.)   The Court consequently excluded all evidence brought to the Court's attention regarding girlfriends and womanizing, including evidence that Mr. Rodriguez-Flores sought to visit Mexico to "meet with the girls."   (Doc. 85 at 27, 38.)

      The Government now seeks clarification regarding additional evidence.  (Doc. 91.)   The Government seeks to introduce a Facebook conversation Mr. Rodriguez-Flores had with a woman, Denise Lopez, while he was in Mexico.   During the conversation, Mr. Rodriguez-Flores told Ms. Lopez he "would like to have a woman" and she replied, "you already have some[;] how many more do you want[?]"   (*Id.* at 5 (translated from Spanish).)   Mr. Rodriguez-Flores said he would like "[o]ne more who has curly hair," to which she responded, "Jjjjjjjjjjja."   (*Id.* at 6.)   Ten minutes later, she asked Mr. Rodriguez-Flores, "Where are you all going[?]" and he responded, "Michigan and Quebec[.]"   (*Id.*)   Ms. Lopez then told Mr. Rodriguez-Flores he had to take the job "now more than ever" after he "[m]ade a fool of [himself,]" and Mr. Rodriguez-Flores said he didn't feel like taking the job, but he had to make money.   (*Id.*)   The conversation occurred the same day and around the same time Mirachem contracted with Mr. Guzman-Dominguez's broker to deliver cargo to Pennsylvania.   (*See* Docs. 44-1; 91-1.)   The Government seeks to introduce the entire conversation "to give context to the relevant information" and specifically to show that Ms. Lopez "chang[ed] the subject" when she asked Mr. Rodriguez-Flores where he was going.  (Doc. 91 at 2.)

**II.     ANALYSIS**

"Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed R. Evid. 401.  Relevance is not inherent, but rather exists only it relates to "a matter properly provable in the case."  *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (quoting Fed. R. Evid. 401 advisory committee's note to 1972 Proposed Rules).  The relevancy bar "very low[,]" but evidence must also be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  *United States v. Jordan*, 485 F.3d 1214, 1218 (10th Cir. 2007) (quoting Fed. R. Evid. 403).  This balancing test, like the bar for relevance, favors admission.  *United States v. Watson*, 766 F.3d 1219, 1241 (10th Cir. 2014).  "To be inadmissible under [R]ule 403, evidence must do more than 'damage the [d]efendant's position at trial'" it must "make[] a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or innocense [sic] of the crime charged."  *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000) (quoting *United States v. Tan*, 254 F.3d 1204, 1211–12 (10th Cir. 2001)).

Here, the Government seeks to prove Mr. Rodriguez-Flores had plans to go to Michigan and Quebec even before Defendants obtained a delivery job with Mirachem.  (*See* Doc. 91 at 1.) Mr. Rodriguez-Flores's statements regarding his plans are relevant to prove this fact, but Mr. Rodriguez-Flores's previous statements regarding women and Ms. Lopez's responses do not relate in any way to the "matter properly provable in this case."  *Huddleston*, 485 U.S. at 689.  The Government admits as much, stating that Ms. Lopez "chang[ed] the subject" when she asked Mr. Rodriguez-Flores where he was going.  (Doc. 91 at 2.)  Had the earlier conversation related to

3

plans to go somewhere, such as a discussion about Mr. Rodriguez-Flores's need to go back to work or Ms. Lopez's plans for Christmas, that conversation would have been relevant to prove or disprove the Government's theory. But, in changing the subject, the previous conversation neither tends to prove that they were talking about his plans in the next few days or plans for some other time period. As such, it is irrelevant.

Moreover, the conversation is unfairly prejudicial, as the jury could seek to punish Mr. Rodriguez-Flores for his various relationships with women, which have nothing to do with the charges he faces for drug trafficking. *See Becker*, 230 F.3d at 1232. Even if the conversation about women is marginally relevant to prove a negative—that the two weren't discussing Christmas plans—this meager value is outweighed by the risk of prejudice.

### III. CONCLUSION

Conversations regarding Mr. Rodriguez-Flores's desire "to have a woman" and the opinion that he "already has some" (Doc. 91-1), like his plans to visit Mexico to "meet with the girls" (Doc. 85 at 27), are irrelevant and risk undue prejudice. *See* Fed. R. Evid. 401, 403.

**THEREFORE**,

**IT IS ORDERED** that comments regarding Mr. Rodriguez-Flores's intimate relationships with women in Doc. 91-1 are inadmissible.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**